ELECTRONICALLY FILED

MAY 2 3 2012

TIME:_____

CASE #:_____

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

3RD DIVISION

WILLIAM TODD JENKINS                                                PLAINTIFF

VS.                          CASE NO: 60CV 2012 2517

ST. VINCENT INFIRMARY MEDICAL
CENTER d/b/a ST. VINCENT                                          DEFENDANT
HEALTH SYSTEM

## CLASS ACTION COMPLAINT

The Plaintiff, William Todd Jenkins (Jenkins), by and through his undersigned counsel, and for his Complaint states:

### PARTIES AND JURISDICTION

1.      Mr. Jenkins is a former employee of St. Vincent Infirmary Medical Center, doing business as St. Vincent Health System ("SVI").  SVI is a domestic non-profit corporation doing business that substantially impacts interstate commerce.  Jenkins is a resident and citizen of Saline County, Arkansas and worked for Defendant in Pulaski County Arkansas, until September of 2011.  He filed a charge of discrimination with the Equal Employment Opportunity Commission less than 180 days after being fired and has received a Right to Sue Letter within 90 days of the filing of this Complaint. This action is brought for violations of the Americans with Disabilities Act, the Arkansas Civil Rights Act, and the Family Medical Leave Act, for an amount exceeding that required for diversity jurisdiction.

### GENERAL ALLEGATIONS OF FACT

2.      William Todd Jenkins began working for Defendant in September 2009 as a Medical Technologist.

3.      William Todd Jenkins was fired in September of 2011.

4.      At all times, William Todd Jenkins was a satisfactory employee.

5.      Jenkins has a serious health condition in the form of a mental disorder (Bipolar

Disorder), which substantially impairs his ability to think and concentrate.

6.     Jenkins regularly sees a physician for this condition, he has had the condition for over a decade and it is not expected to cease any time soon, he takes medication for it, and periodically must be absent for that condition.

7.     Defendant employed more than 50 people, within 75 road miles of Jenkins's worksite, during more than twenty weeks of the year, in 2009-2011.

8.     I started at SVI in September of 2009 as a part-time employee and was granted full-time later. I was terminated in September 2011.   At all times from October 1, 2010, on, Jenkins had worked for Defendant for more than one year, and had worked more than 1250 hours in the previous year.

9.     Accordingly, Jenkins took and requested accommodation for his disability in the form of intermittent FMLA leave.

10.     In June of 2011, his department got a new Laboratory Coordinator.

11.     Following this, Jenkins started receiving write-ups without good cause.

12.     The write-ups allegedly formed part of the basis for Jenkins termination.

13.     Yet the write-ups were false, and, contrary to policy, Jenkins had never been informed of some of them, and one was clearly related to an FMLA protected absence.

14.     Defendant employed more than 500 people in Arkansas during more than 20 weeks of the year, in 2008-2011.

15.     Defendant employed more than 500 people in America during more than 20 weeks of the year, in 2008-2011

16.     SVI has made different claims regarding why Jenkins was terminated, ranging from performance, which was actually good, to a complaint by a nurse.

17.     Persons without disabilities who had not taken accommodation for a disability in the form of FMLA leave have not been fired for similar levels of performance or complaints.

**COUNT I - ADA/ACRA**

18.     The Plaintiff re-alleges the foregoing paragraphs as if fully set out herein.

19.     Based on the foregoing, Defendant violated Plaintiff's rights under the ADA and ACRA, by discriminating against him based on an actual and perceived disability, denying him accommodation, and in retaliation for requesting accommodation for his disability.

20.     Based on the foregoing, Defendant has caused damages to Plaintiff, including wage and benefit loss, mental, emotional, and physical suffering, and medical bills he would not otherwise have incurred.

21.     Based on the foregoing, Defendant has intentionally, recklessly, willfully, and maliciously violated Plaintiff's rights under federal and state law, meriting an award of punitive damages.

## COUNT II - FMLA

22.     Plaintiff incorporates the foregoing by reference.

23.     Based on the foregoing, Defendant has violated Plaintiff's rights under the FMLA, by retaliating against him for taking FMLA leaves.

24.     Based on the foregoing, Defendant has caused damages to Plaintiff, including wage and benefit loss.

WHEREFORE, the Plaintiff prays that this Court will award back pay, front pay or reinstatement, compensatory damages for mental and emotional suffering under Count I, liquidated damages under Count II, punitive damages in Count I, all in an amount exceeding that required for diversity jurisdiction; a jury trial; award the Plaintiff his reasonable costs and attorneys' fees associated with this litigation; a requirement that a hotline be instituted for FMLA and disability violations, training of management and employees on FMLA/Disability issues, an independent monitor, for a hotline for complaints of FMLA and disability discrimination, for a formal written accommodation process; for a person designated to review all requests for accommodation, for training of all employees and managers on the FMLA and ADA, for a posting of this lawsuit and any verdict, and for all other just and proper relief to which he may be

entitled.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By:      /s/ Lucien Gillham
Lucien Gillham, AR BAR #99199
lucien.gillham@gmail.com

g:\doc\2011.0346\PLD\2012-05-22  COM -  Jenkins, W. Todd.doc